# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-356V
### Filed: August 1, 2022
UNPUBLISHED

|  |  |
|---|---|
| Estate of KENNETH ARMSTRONG, Decedent, by and through, ALICEA ARMSTRONG, as Personal Representative, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Joint Stipulation on Damages; Tetanus, diphtheria, acellular pertussis ("Tdap") vaccine; Acute disseminated encephalomyelitis ("ADEM") |

*Isaiah Kalinowski, Bosson Legal Group, Fairfax, VA, for petitioner.*
*Mary Holmes, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

On March 7, 2018, Alicea Armstrong ("petitioner'), as the personal representative of the Estate of Kenneth Armstrong ("Mr. Armstrong"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that Mr. Armstrong suffered acute disseminate encephalomyelitis ("ADEM"). Petition at 5; Stipulation, filed August 1, 2022, at ¶ 4. Mr. Armstrong passed away on July 17, 2017; and petitioner further alleges that his death was the sequela of his alleged vaccine-related injury. Petition at 9, Stipulation at ¶ 4. Petitioner further alleges that there has been no prior award or settlement of a civil action for damages as a result of his condition, and that his vaccine was administered in the United States. Petition at 9; Stipulation at ¶¶ 3-5. "Respondent

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

denies that the Tdap vaccine caused Mr. Armstrong's alleged ADEM, any other injury, or his death. " Stipulation at ¶ 6.

Nevertheless, on August 1, 2022, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award the following compensation:**

> **A lump sum of $235,250.00 in the form of a check payable to petitioner as legal representative of the estate of Kenneth Armstrong**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under § 15(a).  *Id*.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

Estate of KENNETH ARMSTRONG,
Decedent, by and through
ALICEA ARMSTRONG,
as Personal Representative,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 18-356V
Special Master Horner
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Alicea Armstrong ("petitioner"), as the personal representative of Kenneth Armstrong ("Mr. Armstrong"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to Mr. Armstrong's receipt of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Armstrong received the Tdap vaccine on May 22, 2015.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the Tdap vaccine, Mr. Armstrong suffered acute disseminated encephalomyelitis ("ADEM"). Mr. Armstrong passed away on July 17, 2017. Petitioner further alleges that Mr. Armstrong's death was the sequela of his alleged vaccine-related injury.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Armstrong as a result of his alleged condition or his death.

6. Respondent denies that the Tdap vaccine caused Mr. Armstrong's alleged ADEM, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$235,250.00** in the form of a check payable to petitioner as legal representative of the estate of Kenneth Armstrong. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

2

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of the Estate of Kenneth Armstrong, under the laws of the State of Maryland. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as the legal representative of the Estate of Kenneth Armstrong. If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of the Estate of Kenneth Armstrong, at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Kenneth Armstrong, upon submission of written documentation of such appointment to the Secretary.

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and as the legal representative of the estate of Kenneth Armstrong, on behalf of herself, the Estate, and Mr. Armstrong's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or

3

in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Armstrong, resulting from, or alleged to have resulted from, the Tdap vaccine administered on May 22, 2015, as alleged in a Petition for vaccine compensation filed on March 7, 2018, in the United States Court of Federal Claims as petition No. 18-356V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused Mr. Armstrong's alleged ADEM, any other injury, or his death.

17. All rights and obligations of petitioner hereunder in her capacity as personal representative of the Estate of Kenneth Armstrong, shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

4

Respectfully submitted,

**PETITIONER:**

*Alicea Armstrong*

ALICEA ARMSTRONG

**ATTORNEY OF RECORD FOR PETITIONER:**

ISAIAH KALINOWSKI
Bosson Legal Group
8300 Arlington Boulevard
Suite B2
Fairfax, VA 22031
Tel: (571) 771-3225
ikalinowski@bossonlaw.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes - S14
Digitally signed by George R. Grimes -S14
Date: 2022.07.18 20:59:52 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

MARY E. HOLMES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-5022
Mary.E.Holmes@usdoj.gov

Dated: August 1, 2022

5